JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JAMES EDWARD BAERTSCHIGER,  ) NO. CV 20-6635-ODW (KS)
                                   )
        Plaintiff,       )
                                   ) **ORDER: DISMISSING FIRST AMENDED**
    v.                            ) **COMPLAINT FOR FAILURE TO**
                                   ) **PROSECUTE; AND JUDGMENT**
TIMOTHY C. LOPEZ, et al,     )
                                   )
       Defendants.    )
_____)

## INTRODUCTION

James Edward Baertschiger ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, commenced this civil rights action pursuant to 42 U.S.C. § 1983 on July 24, 2020. (Dkt. No. 1.) On May 6, 2021, Defendant Lopez and Defendant Tran (collectively, "Defendants") filed a Motion to Dismiss Plaintiff's Complaint for failure to state a claim (the "first Motion"). (Dkt. No. 27.) On June 11, 2021, after the first Motion was fully briefed, the Court granted the first Motion in part, denied in part, dismissed claims three and four of the Complaint with leave to amend, and directed Plaintiff to file a First Amended Complaint, if any, within twenty-one (21) days. (Dkt. No. 31.) On August 26, 2021, Defendants filed an Answer to the Complaint. (Dkt. No. 35.)

On September 7, 2021, Plaintiff filed a First Amended Complaint (the "FAC"), which is now the operative complaint. (Dkt. No. 37.) The last time Plaintiff took any action in his case was when he filed the FAC. In the FAC, Plaintiff sues Defendants in their individual capacities and asserts the following causes of action: (1) violations of the Fourth and Fourteenth Amendments based on unreasonable seizure and false arrest premised on a false report of a criminal threat and lack of probable cause (Claim One); (2) violations of the Fourth and Fourteenth Amendments, premised on Defendant Lopez's arrest of Plaintiff and use of excessive force (Claim Two); (3) a violation of the Fourth and Fourteenth Amendments based on the failure to summon medical aid for Plaintiff's injuries (Claim Three); and (4) violations of the Fourth and Fourteenth Amendments based on malicious prosecution (Claim Four). (*Id.* at 4-5.) The Court screened the FAC under 28 U.S.C. § 1915(e)(2), and on September 29, 2021, United States Magistrate Judge Karen L. Stevenson issued a Report and Recommendation, recommending dismissal of Claim Four from the FAC without leave to amend, to the extent that the claim was based on Defendant Lopez's allegedly false testimony. (*See* Dkt. Nos. 38-40.) Plaintiff did not file any objections to the September 29, 2021 Report and Recommendation. On November 15, 2021, United States District Judge Otis D. Wright, II issued an Order accepting the Report and Recommendation. (Dkt. No. 41.)

On November 30, 2021, the Court scheduled a telephonic discovery conference for December 16, 2021, and ordered Plaintiff to show cause on or before December 7, 2021 as to why the Court should not impose sanctions due to Plaintiff's failure to comply with the Court's discovery procedures. (Dkt. No. 42.) The Court cautioned Plaintiff that his "failure to timely respond to [the Court's November 30, 2021] Order and establish good cause for failing to respond to the discovery [would] result in an order against [Plaintiff] to pay sanctions for failure to comply with a court order and may result in a recommendation that the action be dismissed for failure to prosecute." (*Id.* (emphasis omitted).) Plaintiff did not

file a Response to the Court's November 30, 2021 Order or otherwise communicate with the Court about this case.

On December 1, 2021, Defendants filed a Motion to Dismiss Claim No. Three of Plaintiff's FAC for failure to state a claim (the "second Motion"). (Dkt No. 44.) The Court ordered Plaintiff to file an Opposition to the second Motion no later than December 23, 2021. (Dkt. No. 45.) To date, Plaintiff has not filed an Opposition to the second Motion.

On December 16, 2021, the Court held a telephonic discovery conference. (Dkt. No. 47.) Defendants' counsel appeared for the hearing and Plaintiff did not appear. (*Id.*) Plaintiff did not inform the Court that he would not appear. Accordingly, the Court ordered Plaintiff to pay sanctions in the amount of $250.00 for his failure to appear and failure to respond to the Court's November 30, 2021 Order. (*Id.* at 2.) The sanctions were to be paid to the Clerk of Court no later than December 31, 2021. (*Id.*) Plaintiff has not paid the sanctions.

On December 29, 2021, Defendants filed a Motion to Compel Production of Documents and Interrogatory Responses (the "Motion to Compel"). (Dkt. No. 50.) The Court ordered Plaintiff to file a Response to the Motion to Compel no later than February 2, 2022. (Dkt. No. 51.) Plaintiff has not filed a Response to the Motion to Compel.

On January 11, 2022, Defendants filed a Motion to Dismiss for Lack of Prosecution (the "third Motion"). (Dkt. No. 52.) In the third Motion, Defendants note that "Plaintiff has previously stated to defense counsel that he does not wish to proceed in this case." (*Id.* at 2.)

More than five weeks have now passed since Plaintiff's Response to the Court's November 30, 2021 Order was due, three weeks have passed since Plaintiff's Opposition to the second Motion was due, nearly two weeks have passed since Plaintiff's deadline to pay

sanctions, and more than four months have passed since Plaintiff last took action in his case. Therefore, the Court concludes that this action should be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b) and Local Rules 7-12 and 41-5, for failure to prosecute, comply with the Court's Orders, appear, oppose the second Motion, and pay sanctions as directed by the Court.

## DISCUSSION

Rule 41(b) of the Federal Rules of Civil Procedure grants federal district courts the authority to *sua sponte* dismiss actions for failure to prosecute. *Link v. Wabash R. Co.*, 370 U.S. 626, 629-30 (1962). In determining whether dismissal for failure to prosecute or failure to comply with a court order is proper, a court must weigh several factors, including: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the availability of less drastic sanctions; and (5) the public policy favoring the disposition of cases on their merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

In this case, the first two factors—public interest in expeditious resolution of litigation and the need to manage the Court's docket—weigh in favor of dismissal. Plaintiff has not taken any action in his case since filing the FAC on September 7, 2021. Since that time, Defendants have filed three motions: (1) the second Motion; (2) the Motion to Compel; and (3) the third Motion—the latter two, a direct consequence of Plaintiff's failure to prosecute his claim. Plaintiff has allowed the second Motion to languish, unopposed, on the Court's docket for three weeks. Moreover, Plaintiff's inaction is what led to the Court's issuance of the November 30, 2021 Order and the scheduling of the December 16, 2021 discovery conference. Plaintiff failed to respond to the Court's November 30, 2021 Order and, without notice or excuse, failed to appear for the discovery conference. Plaintiff's unexcused non-

appearance warrants dismissal of the FAC for lack of prosecution. *See* C.D. CAL. LOCAL CIV. R. 41-5. The Court sanctioned Plaintiff for his failure to appear at a Court hearing, but he has not paid the sanctions. Plaintiff's inaction—and unknown whereabouts—hinders the Court's ability to move this case toward disposition and indicates that Plaintiff does not intend to litigate this action diligently.

The third factor—prejudice to defendants—also weighs in favor of dismissal. The prejudice to a defendant simply from the pendency of a lawsuit is insufficient, on its own, to warrant dismissal. *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984). However, the Ninth Circuit has held that prejudice may be presumed from unreasonable delay. *See In re Eisen*, 31 F.3d 1447, 1452-53 (9th Cir. 1994); *see also Moore v. Teflon Commc'ns. Corp.*, 589 F.2d 959, 967-68 (9th Cir. 1978). Although this presumption may be rebutted where the plaintiff proffers a non-frivolous excuse for the delay, *see Laurino v. Syringa Gen. Hosp.*, 279 F.3d 750, 753 (9th Cir. 2002), here, Plaintiff has not proffered any explanation, frivolous or otherwise, for his failure to engage in this matter for the past four months, comply with the Court's Orders, comply with Local Rule 41-5, oppose the second Motion, and pay sanctions. Plaintiff's failure to prosecute his action diligently justifies a dismissal. *Anderson v. Air W., Inc.*, 542 F.2d 522, 524 (9th Cir. 1976).

The fourth factor—the availability of less drastic sanctions—ordinarily counsels against dismissal. However, Plaintiff has failed to comply with the Court's less drastic sanctions—Plaintiff has not responded to the Court's November 30, 2021 Order or paid the $250.00 in sanctions that were due by December 31, 2021. The Court repeatedly cautioned Plaintiff that his failure to prosecute may result in dismissal. (*See* Dkt. Nos. 13 at 2, 21 at 1-2, 42 at 1-2.) No lesser sanction is available in this case. *See Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) ("The district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful

alternatives."). The Court therefore concludes that sanctions other than dismissal are not appropriate.

Only the fifth factor, the general policy favoring resolution of cases on the merits, arguably favors retention of this action on the Court's docket. It is, however, the responsibility of Plaintiff to move the case toward disposition on the merits at a reasonable pace and to refrain from dilatory and evasive tactics. *Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991). The Court cannot dispose of this case on its merits when Plaintiff has failed to take action in more than four months, ignored the Court's Orders, and failed to oppose the pending motions. Thus, it does not appear that the Court's retention of this action would increase the likelihood that the matter would be resolved on its merits.

**ORDER**

Therefore, IT IS HEREBY ORDERED that the FAC is DISMISSED; and IT IS ADJUDGED that this action is dismissed without prejudice.

**IT IS SO ORDERED.**

DATED: January 13, 2022

_____
OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE

Presented by:

_____
KAREN L. STEVENSON
UNITED STATES MAGISTRATE JUDGE